**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

10-3580
_____


SAMUEL M. MELE, INDIVIDUALLY,
d/b/a STANTON SALES,

Appellants

v.

TSE SYSTEMS GMBH; TSE SYSTEMS INC.


_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 5-09-cv-00174)
District Judge: Hon. Juan R. Sanchez
_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
April 15, 2011

BEFORE: FISHER, JORDAN and COWEN , Circuit Judges

(Filed:  May 4, 2011)
_____

OPINION
_____


COWEN, Circuit Judge.

Appellant, Samuel M. Mele, appeals from the District Court's orders entering summary judgment in favor of Appellees, TSE Systems, Inc. ("TSE") and TSE Systems, GmbH ("TSE, GmbH"), on his claims for breach of contract and tortious interference with contractual relations. Mele also appeals from the District Court's order denying his motion to amend his complaint. For substantially the same reasons discussed by the District Court in its memorandum opinions and orders, we will affirm.

I.

Mele is an independent salesman and the sole proprietor of Stanton Sales, a business that contracts with medical supplies manufacturers and distributors to sell equipment to universities and research laboratories. On August 1, 2005, Mele, on behalf of Stanton Sales, entered into an agreement (the "Agreement") with TSE that appointed Stanton Sales as a "non-exclusive sales commission representative for Products in the Northeast and Southeast territory." Mele v. TSE Sys., No. 09-174, 2010 WL 3075741, at *1 (E.D. Pa. Aug. 5, 2010). As a non-exclusive sales commission representative, Mele agreed to "perform primarily as a sales and market development specialist, to promote sales growth of TSE products in the Territory, and to be the primary, but not exclusive, interface with the customers for purposes of developing, securing, and servicing the sale of Product at accounts in the Territory." Id.

The initial term of the Agreement was August 1, 2005 through March 31, 2006. TSE then exercised its discretion to extend the Agreement twice for two twelve-month periods. Prior to the term beginning April 1, 2008, however, TSE declined to renew the

2

Agreement. Accordingly, on January 28, 2008, TSE informed Mele that the Agreement would terminate on March 31, 2008.

On January 13, 2009, Mele filed a complaint in the United States District Court for the Eastern District of Pennsylvania against TSE and its parent company, TSE, GmbH. In the complaint, Mele claimed that TSE had breached the Agreement in several respects and that TSE, GmbH had intentionally interfered with his contractual relationship with TSE.[1]

After discovery, TSE and TSE, GmbH moved for summary judgment. Shortly thereafter, Mele filed a motion to amend his complaint. The District Court granted the defendants' motions, denied Mele's, and entered judgment against him. Mele now appeals from the District Court's orders.[2]

## II.

Mele first argues that the District Court erred in entering judgment in favor of TSE on his breach of contract claims. Mele contends that, contrary to the District Court's determination, several provisions of the Agreement are ambiguous, and the extrinsic evidence demonstrates that he was entitled to commissions on all sales within his territory as well as on sales completed within ninety days after the Agreement was

---

[1] The District Court dismissed Mele's additional claims against TSE and TSE, GmbH by orders entered May 12, 2009 and June 15, 2009, respectively.

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's summary judgment rulings. Packard v. Pittsburgh Transp. Co., 418 F.3d 246, 250 (3d Cir. 2005). We review the denial of leave to amend for abuse of discretion. See Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004).

terminated. We disagree. The District Court properly applied Michigan law[3] and correctly concluded that, based on the unambiguous terms of the Agreement, TSE was not required to pay Mele commissions on sales within his territory for which he was not primarily responsible, nor was TSE required to pay him commissions on orders placed after the Agreement was terminated on March 31, 2008. Although Mele insists that the extrinsic evidence demonstrates otherwise, the District Court properly declined to consider this evidence because the terms of the Agreement are not ambiguous. See UAW-GM Human Res. Ctr. v. KSL Recreation Corp., 579 N.W.2d 411, 491 (Mich. App. 1998) ("This court does not have the right to make a different contract for the parties or to look to extrinsic testimony to determine their intent when the words used by them are clear and unambiguous and have a definite meaning."). Furthermore, we reject Mele's argument that the Agreement, when viewed in conjunction with the extrinsic evidence, contained a latent ambiguity concerning orders placed after the termination date.

Next, Mele argues that the District Court erred in entering judgment in favor of TSE, GmbH on his claim for tortious interference with contractual relations. Mele essentially claims that TSE, GmbH executives took various actions against him in furtherance of their goal to replace outside representatives like Mele with an inside sales force. As the District Court explained however, none of the evidence that Mele submitted sufficiently demonstrates that TSE, GmbH executives intended to harm him by

---

[3] The parties agree that, pursuant to a choice of law clause in the Agreement, Michigan law governs Mele's breach of contract claims.

4

interfering with his ability to succeed at TSE or were otherwise inappropriately involved in the decision to terminate the Agreement.[4]  See Schulman v. J.P. Morgan Inv. Mgmt., 35 F.3d 799, 807 n.14 (3d Cir. 1994) (explaining that, in order to establish a claim for intentional interference with contractual relations under Pennsylvania law, the plaintiff must show, inter alia, an intent on the part of the defendant to harm the plaintiff by interfering with a contractual relationship).  Therefore, the District Court's denial of this claim was proper.

Lastly, Mele argues that the District Court abused its discretion by denying his motion to amend his complaint.  In November 2009, approximately two months after the close of discovery and one month after the defendants had moved for summary judgment, Mele requested leave to supplement his complaint with a claim for damages under the Michigan Sales Representative Act, MICH. COMP. LAWS § 600.2961, et seq. (the "MSRA"), a state statute that does not provide an independent cause of action but imposes additional penalties for nonpayment of commissions to sales representatives. The District Court denied Mele's motion on the ground that he had failed to show good cause for his delay, see Foman v. Davis, 371 U.S. 178, 182 (1962), and because, given its

---

[4] Mele directs most of his complaints towards Jens-Uwe Engler, whom he claims was inappropriately involved in the decision to terminate him.  As the District Court noted, however, Engler served as both the CEO of TSE, GmbH and Chairman of TSE's Board of Directors, and Mele failed to present evidence indicating that Engler was acting on behalf of TSE, GmbH—and not TSE—at the relevant times.  See Triffin v. Janssen, 626 A.2d 571, 574 n.3 (Pa. Super. Ct. 1993) (explaining that "Pennsylvania courts require the plaintiff, as part of his *prima facie* case, to show that the defendant's conduct was not justified" or privileged).

5

denial of his breach of contract and tortious interference with contractual relations claims, amendment would be futile, see Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). We see no error in the District Court's decision.

III.

We have reviewed Mele's remaining arguments and conclude that they are without merit. Accordingly, we will affirm the District Court's orders.